WILLIAM J. SHEEHAN, complainant (KATHRYN A. SHEEHAN, assignee, respondent),

*v.·*

WILLIAM W. MACMURRAY et al., defendants-appellants.

[Submitted October 30th, 1931.   Decided February 1st, 1932.]

*Mr. Joseph Varbalow,* for the appellants.

*Mr. Louis B. LeDuc,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

The only substantial question raised by this appeal is whether the undivided one-half interest of respondent's assignor, William J. Sheehan, in certain real estate, arising out of a written instrument to which he and the defendants, husband and wife, are parties, is an undivided one-half of the equity over and above certain mortgages existing at the time that instrument was executed, or is an undivided one-half of what will remain after certain moneys advanced by Sheehan at and after the making of the instrument in question, are repaid to him. The decree awards these moneys to him as against the property next after the mortgages. The solution of the question depends on a proper construction of the instrument itself.

When it was executed, MacMurray was in bankruptcy. The bulk of his assets consisted of a number of parcels of real estate, improved and unimproved. The claims and expenses totaled about $42,000. Sheehan came to the rescue, advanced this amount in cash, and the paper writing in question exhibits the agreement under which this cash was to be and was advanced, and the consideration to Sheehan for the same. The suit is to enforce a sale of properties remaining unsold, to pay the balance of Sheehan's advances over and above the mortgages. The answer sets up that the moneys advanced were "paid outright for an undivided one-half interest in said real estate."

As there are certain apparent inconsistencies in the agreement, it will be necessary to reproduce its operative language in full.

"To whom these presents shall come, Greeting:
"Whereas: William W. MacMurray, individually and trading as MacMurray's Silk Store, was adjudicated a bankrupt in the United

States District Court for the Eastern District of Pennsylvania——Cause as of in Bankruptcy No. 9320 and his estate included *inter alia* certain real estate hereinafter particularly described under and subject to the payment of the mortgage debts secured thereon and

"Whereas: William J. Sheehan has advanced to and for the account of the said William W. MacMurray the sum of approximately forty-two thousand ($42,000) dollars to enable him to pay all his creditors and satisfy all claims, costs and charges against the said bankrupt estate to enable the said William W. MacMurray to obtain by reconveyance and release a clear title to the said real estate hereinafter described——and

"Whereas: William W. MacMurray acknowledges his indebtedness to William J. Sheehan for all sums heretofore advanced or to be advanced and agrees that said moneys so advanced shall be first paid to William J. Sheehan from the purchase moneys realized from the sale of said real estate and in addition thereto the said William J. Sheehan is and shall be the owner of one-half undivided interest in all of the several parcels of real estate hereinafter described subject however to the mortgage debts secured thereon.

"Now therefore know ye that the said William W. MacMurray and Marie D. MacMurray, his wife, as well in consideration of the sum of one dollar unto them in hand paid by the said William J. Sheehan, the receipt whereof is hereby acknowledged, as of other good causes and considerations hereunto moving, do by these presents make known, admit and declare that we now stand seized of the following real estate, to wit:——

(Here follows description)

"to and for the proper use of me, the said William W. MacMurray and the said William J. Sheehan, his heirs and assigns in fee in equal shares as tenants in common. And further we do for ourselves, our heirs, executors, administrators and assigns hereby covenant and agree with the said William J. Sheehan, his heirs and assigns, that we shall and will at the request of the said William J. Sheehan, make, execute and deliver good deed or deeds as may be necessary to sell the said real estate or fairly divide it with the said William J. Sheehan, his heirs or assigns——and agree in conjunction with him to and join in granting and conveying unto such person or persons or corporation, the said above-described real estate either in whole or in parts, in fee-simple, under and subject to the mortgage debts now or hereafter to be secured thereon.

"In witness whereof we have hereunto set out hands and seals this 30th day of November, A. D. 1925.

"WILLIAM W. MACMURRAY  (SEAL)

"MARIE D. MACMURRAY  (SEAL)"

It will be observed that by the third paragraph—in the form of a preamble, but not in substance as we view the matter—MacMurray agrees that the advances shall be first paid to Sheehan out of proceeds of sales, and that "in addi-

tion thereto" Sheehan shall be the owner of one-half interest subject to the mortgages. If there were nothing more, it would seem indubitable that from the proceeds should be paid, first the mortgages, next, Sheehan's' advances, and any balance remaining should be equally divided between Sheehan and MacMurray. For the defendants below it was claimed, and is claimed here, that the declaration of respective interests in the very next paragraph, is to a different effect and is controlling, viz., that defendants stand seized to the use of MacMurray and Sheehan in equal shares as tenants in common and agree to make deeds necessary to sell or divide the said real estate or convey to purchasers "subject to the mortgage debts now or hereafter to be secured thereon."

There are several elementary rules of construction to be observed in ascertaining the intent of the parties as shown by this paper.

The first is that the entire instrument should be considered and every part given effect if possible, *Camden, Atlantic and Ventnor Land Co.* v. *West Jersey and Seashore Railroad Co., 92 N. J. Law 385, 389.*

The second is that in case of apparent inconsistency between an earlier and later clause, the earlier will in general prevail. *Vickers* v. *Electrozone Commercial Co., 67 N. J. Law 665.*

A third is that apparent inconsistencies are to be reconciled if this can be done without doing violence to the language of the instrument. *18 C. J. 330, 331.*

A fourth is that where there are two constructions, that will prevail which makes more strongly against the grantor. *Crane* v. *McMurtrie, 77 N. J. Eq. 545.*

In applying these rules it is to be noted that the third paragraph, as we have observed, is a preamble only in form. In legal effect it is a definite agreement, and when the whole instrument is read and it appears by all the recitals in the paper that the moneys paid out by Sheehan are "advanced" to enable MacMurray to get back the title which had passed to the trustee in bankruptcy: that MacMurray acknowledges an "indebtedness" for sums "advanced" to be first "paid" to Sheehan from proceeds of sale, we consider that a clear

intent was manifested, not to admit Sheehan to ownership on a half-and-half basis, but to use the property as security for repayment of his advances and in addition to vest in him a one-half interest in what might remain after those advances were repaid.

The question whether such an arrangement was usurious is not raised anywhere in the case, and we have not considered it. From a practical standpoint it seems academic, as apparently the equity over the mortgages is not sufficient to pay off the Sheehan claims.

The foregoing disposes in substance of all the points argued for the appellant, except the claims that "the court below was in error in that at the hearing before the master, he erred in refusing to admit evidence tending to show the intention of the parties at the time said agreement was drawn, and the intention of the parties as to the effect of said instrument;" and also that the master erred "in refusing to admit evidence tending to show the intention of the parties as to the effect of said instrument, and particularly as to its effect upon the conveyance made by the defendants to the complainant, and for which a credit of $10,000 was allowed to the defendant, whereas in fact the said premises were and are worth much more than the sum of $10,000." What this evidence was, what questions if any were overruled, what exhibits offered and rejected, if any, nowhere appears, either in the brief or in the petition of appeal, and there was no oral argument. While we incline to say that the agreement is sufficiently plain on its face to exclude extrinsic evidence of the intent of the parties, it is sufficient to point out that a court of review is not required to search for errors that counsel do not think of sufficient importance to specify in either petition of appeal or argument.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 15.

*For reversal*—None.